**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Jeffrey Winick,<br><br>Debtor. | Chapter 7<br><br>Case No. 20-11976 (PB) |
| Gregory M. Messer, as Chapter 7 Trustee of the Estate of Jeffrey Winick,<br><br>Plaintiff,<br><br>v.<br><br>David Berley,<br><br>Defendant. | Adv. Proc. No. 24-01352 (PB) |

## SCHEDULING ORDER

This Scheduling Order is entered by the Court pursuant to Fed. R. Bankr. P. 7016 and 7026 and Fed. R. Civ. P. 16(b) and 26(f).

1. The Defendant filed an answer on June 3, 2026.

2. Any motion to amend pleadings or to join additional parties shall be filed no later than **July 14, 2026**.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14 days after the date of this Order**.

4. All counsel must meet face-to-face or by Zoom to discuss settlement or use of alternative dispute resolution ("ADR") **within 14 days after the date of this Order**, and again **within 14 days after the close of fact discovery**. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR

mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

5. Unless extended by the Court for cause shown, all fact discovery shall be completed by **October 30, 2026**.

6. Expert discovery:

a. On or before **October 30, 2026**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of expert documents and depositions. Expert reports for plaintiffs shall be due before those for defendants.

b. All expert discovery shall be completed **no later than thirty (30) days** after the deadline for completion of fact discovery.

7. The parties shall conduct discovery in accordance with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York.

8. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court of the nature of the dispute and request a telephonic discovery conference. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

9. On or before **November 30, 2026**, the parties shall submit a Joint Pretrial Order prepared in accordance with this Court's individual rules and practices.

10. The Court will hold a final pretrial conference at **10:00 a.m. on December 3, 2026**, at which time the parties must be prepared to proceed to trial within two weeks.

11. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after the completion of discovery. If such request is granted, the dates set forth in paragraphs 9 and 10 above shall be adjourned until after the scheduled summary judgment hearing.

12. This Order, including the dates herein, may not be modified except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made by written application filed no less than seven days prior to the expiration of the date sought to be extended. Failure to comply with this order may result in dismissal or other sanction.

Dated: June 29, 2026
New York, New York

/s/ *Philip Bentley*
Honorable Philip Bentley
United States Bankruptcy Judge